UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE PRICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TAMALPAIS UNION HIGH SCHOOL DISTRICT,<br><br>　　　　Defendant. | Case No. 24-cv-08033-JSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

In November 2024, Plaintiff filed suit in this Court alleging federal question jurisdiction. (Dkt. No. 1 ¶ 14.) Plaintiff's complaint alleges five causes of action: two federal claims under 42 U.S.C. § 1983, two state law claims alleging discrimination and failure to prevent discrimination in violation of California Government Code §12940, and one claim alleging fraudulent concealment. (*Id*. at 20-23.)

Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 11.) Defendant argues the federal claims under 42 U.S.C. § 1983 cannot be raised in federal court as Defendant, a school district, is immune under the Eleventh Amendment. Because the federal question claims must be dismissed and Plaintiff's remaining claims allege violations of state law, Defendant contends the Court lacks subject matter jurisdiction. Alternatively, Defendant argues Plaintiff fails to state any causes of action for discrimination and Plaintiff's fraudulent concealment claim is vague and may not be raised against Defendant.

After carefully reviewing the submissions of both parties, and with the benefit of oral argument on April 27, 2025, the Court GRANTS Defendant's motion to dismiss. The Eleventh Amendment bars the Section 1983 claims against the school district defendant. And because the federal claims are dismissed, the Court declines to exercise supplemental jurisdiction of the state law claims and dismisses them without prejudice. But because Plaintiff may be able to allege

1  federal claims against individual defendants, the claims are dismissed with leave to amend to add
2  new defendants and claims.

### DISCUSSION

**1. Eleventh Amendment Sovereign Immunity**

The Eleventh Amendment provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has interpreted this Amendment to immunize states from lawsuits in federal court. *See, e.g., Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 779 (1991); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Eleventh Amendment "immunity extends not just to suits in which the state itself is a named party but also to those against an 'arm of the [s]tate.'" *Kohn v. State Bar of California*, 87 F.4th 1021, 1026 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 1465 (2024) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).

The Ninth Circuit has consistently held California school districts are "arms of the state" entitled to Eleventh Amendment immunity. *See, e.g.*, *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 926 (9th Cir. 2017) ("School districts . . . in California remain arms of the state and cannot face suit."); *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1123 (9th Cir. 2007) (holding East Side Union High School District was an "arm[] of the state" and so entitled to Eleventh Amendment immunity). But the Ninth Circuit has since changed the test for determining whether an entity is an "arm of the state." When *Sato* and *Stoner* were decided, courts examined the five factors set forth in *Mitchell v. Los Angeles Community College District*, 861 F.2d 198 (9th Cir. 1988). In 2023, the Ninth Circuit adopted a three-factor test in which courts consider: "(1) the state's intent as to the status of the entity, including the functions performed by the entity; (2) the state's control over the entity; and (3) the entity's overall effects on the state treasury." *Kohn*, 87 F.4th at 1030 (internal citations omitted). In doing so, the Ninth Circuit emphasized the *Kohn* "framework is unlikely to lead to different results in cases that previously applied the *Mitchell* factors and held an entity entitled to immunity." *Id*. at 1031; *see also id*. at 1032 (stating "we have

no reason to believe that our decision today will substantially destabilize past decisions granting sovereign immunity to state entities within the Ninth Circuit).

The court's rationale in *Sato* applies under the *Kohn* framework to school districts. For example, the *Sato* court reaffirmed "California law treats public schooling as a statewide or central governmental function," which addresses the first *Kohn* factor regarding the state's intent. 861 F.3d at 923 (quoting *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 253 (9th Cir. 1992)). Further, the *Sato* court observed "the state still exercises significant control over school districts," which suggests the state controls the ongoing operations of school districts—the second *Kohn* factor. 861 F.3d at 923. Moreover, the *Sato* court affirmed the "state's legal liability for judgments against school districts," which supports a finding the school district is an arm of the state under the third *Kohn* factor regarding the entity's effect on the state treasury. *Id* (quoting *Belanger*, 963 F.2d at 252.)

Plaintiff contends "the *Sato* decision implied that a determination on [Eleventh Amendment] immunity turns, to some degree, on the facts of each case" and "[i]t is not clear from Defendant's Motion that Tamalpais Union High School District would satisfy the *Mitchell* factors." (Dkt. No. 15 at 13). However, the Court finds this argument unpersuasive because Plaintiff does not identify any facts which, if true, would result in concluding a school district does not enjoy Eleventh Amendment immunity.

Accordingly, as an "arm of the state," Defendant school district enjoys Eleventh Amendment immunity. The Section 1983 claims must therefore be dismissed without prejudice under Rule 12(b)(6). *See Grosz v. Lassen Cmty. Coll. Dist.*, 360 F. App'x 795, 799 (9th Cir. 2009) (explaining an Eleventh Amendment dismissal should be without prejudice); *see also Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) ("'dismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction,' but instead rests on an affirmative defense") (quoting *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003); *Hill v. Blind Indus. & Servs.*, 179 F.3d 754, 762 (9th Cir. 1999) (concluding the Eleventh Amendment is not a jurisdictional bar because it is a defense that can be waived by the state.); *see also Mattingly v. California Dep't of Parks & Recreation*, No. 23-CV-03754-VKD, 2023 WL 7283911, at *2 (N.D.

Cal. Nov. 2, 2023) ("[t]he Court evaluates a motion to dismiss based on Eleventh Amendment immunity under Rule 12(b)(6)").[1]

### 2. Plaintiff's State Law Claims

As explained above, Plaintiff fails to plead viable federal claims against Defendant in this venue. Given the early stage of the case, the Court declines to exercise supplemental jurisdiction of the remaining state law claims. 28 U.S.C. § 1367(c); *see also Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1000 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) (explaining state law claims "should" be dismissed if federal claims are dismissed before trial). So, the Court does not address Defendant's arguments as to the sufficiency of Plaintiff's state law claims.

### CONCLUSION

The Section 1983 claims are dismissed without prejudice based on Eleventh Amendment immunity, and the state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c). But, as Plaintiff may be able to state federal claims against individual defendants, Plaintiff is given 30 days leave to file an amended complaint.

This Order disposes of Docket No. 11.

**IT IS SO ORDERED.**

Dated: April 8, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

---

[1] Weeks after deciding *Hill*, the Ninth Circuit held the Eleventh Amendment barred a plaintiff from bringing a FEHA claim in federal court because the "district court lack[ed] jurisdiction to adjudicate [the] claim." *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999). However, "[g]enerally, a three-judge panel may not overrule a prior decision of the court." *Dorman v. Charles Schwab Corp.*, 934 F.3d 1107, 1111 (9th Cir. 2019) (citing *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc)). Therefore, the Court is bound by the Ninth Circuit's holding in *Hill*.